# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MARY HUMPHREYS, Estate Administrator of Joseph D. Humphreys (deceased),** | )<br>)<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | ) Case No. CIV-13-329-RAW-SPS<br>) |
| **CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,** | )<br>)<br>)<br>) |
| **Defendant.** | ) |

## REPORT AND RECOMMENDATION

The claimant Mary Humphreys, as Estate Administrator for Joseph D. Humphreys (deceased) requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining that the claimant was not disabled. For the reasons set forth below, the Commissioner's decision should be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such

severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Sec'y of Health & Human Svcs.*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of

---

[1] Step One requires the claimant to establish that he is not engaged in substantial gainful activity. Step Two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born January 2, 1972, and was thirty-nine years old at the time of the most recent administrative hearing (Tr. 89, 239). He completed high school and a year of training in carpentry, and has worked as a delivery driver and floor hand (Tr. 117, 227). The claimant alleged that he had been unable to work since December 31, 2004, due to severe swelling of his hands and arms along with pain, numbness, and tingling (Tr. 113).

## Procedural History

On February 21, 2007, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ Charles Headrick conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated July 30, 2009 (Tr. 10-17). The Appeals Council denied review, but this Court reversed the decision of the Commissioner in Case No. CIV-09-421-FHS-KEW and remanded the case to the ALJ for further proceedings (Tr. 266-279). ALJ Michael A. Kirkpatrick then conducted a second administrative hearing and again determined that the claimant was not disabled in a written opinion dated August 2, 2011 (Tr. 221-228). The Appeals

Council again denied review, so ALJ Kirkpatrick's opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity (RFC) to perform the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) (Tr. 224). The ALJ then concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled under Rule 202.21 of the Medical-Vocational Guidelines, *i. e.*, "the Grids" (Tr. 228).

**Review**

The claimant contends that the ALJ erred: (i) by failing to properly assess the treating physician opinion of Dr. R. Wayne Mosier, (ii) by improperly determining he could perform the full range of light work, and (iii) by improperly evaluating his credibility. The undersigned Magistrate Judge finds the claimant's second contention persuasive.

The ALJ found that the claimant had the severe impairment of bilateral numbness of the hands (Tr. 223). Records from Dr. Mosier reflect an assessment of thoracic neuritis, thoracic radiculitis, and arthralgia of the right shoulder, and include frequent notations regarding the claimant's decreased grip strength (Tr. 354, 360, 364, 366, 368, 369, 372, 377, 381). On August 28, 2007, he completed a physical RFC assessment of the claimant's abilities. In support of his assessment, he cited the claimant's markedly decreased grip strength bilaterally, right shoulder range of motion limitations, and that the

-4-

claimant needed a referral to a neurologist for more extensive/comprehensive testing (Tr. 177). He diagnosed the claimant with peripheral neuropathy bilateral upper extremities, and functional disability right shoulder due to trauma (Tr. 177). He stated that the claimant could stand two hours at a time followed by rest, that he could sit upright three hours, and was unable to sit or stand longer due to back pain (Tr. 178). He further stated that it was necessary for the claimant to elevate his arms to prevent swelling, and that he could rarely reach above with his right shoulder (but could constantly with the left shoulder), and rarely perform below waist level, handle, or finger, and further stated that he could not perform fine motor tasks with his hands due to peripheral neuropathy (Tr. 177-179). He stated that the claimant could not return to his past work, but might possibly be able to perform some work with physical and occupational therapy (Tr. 180).

Dr. Ashley Aldrich-Gourd conducted a physical examination of the claimant on July 14, 2007. She noted that he had no range of motion deficits and grip strength and great toe strength were 5/5 bilaterally, but she noted that he did have decreased sensation in his hands in a glove-like distribution bilaterally (Tr. 170). She stated that he could manipulate small objects without difficulty (Tr. 170). She assessed him with bilateral hand numbness, stating that the etiology was unclear and noting that he was being treated with multiple narcotic pain medications but the necessity for these was unclear. She further reiterated that he did have decreased sensation of hands but was otherwise functioning well (Tr. 171).

In his written opinion, the ALJ summarized the claimant's testimony as well as the medical record. He noted Dr. Mosier's assessment, as well as a state reviewing physician

opinion that the claimant could perform light work, and determined that Dr. Mosier's opinion was not supported by significant objective medical evidence (Tr. 226). He then determined that the claimant was not credible and that his impairment did not preclude light work (Tr. 227).

Although the ALJ found that the claimant's bilateral numbness of the hands was a severe impairment at step two, he failed to include any limitations related to this impairment in the claimant's RFC at step four (Tr. 224-227). The ALJ did not give any explanation for this apparent inconsistency, *see, e. g., Timmons v. Barnhart*, 118 Fed. Appx. 349, 353 (10th Cir. 2004) (finding the ALJ should have "explained how a 'severe' impairment at step two became 'insignificant' at step five."); *Hamby v. Astrue*, 260 Fed. Appx. 108, 112 (10th Cir. 2008) ("In deciding Ms. Hamby's case, the ALJ concluded that she had many severe impairments at step two. He failed to consider the consequences of these impairments, however, in determining that Ms. Hamby had the RFC to perform a wide range of sedentary work."), opting instead to devote most of his step four discussion to questioning his determination of severity at step two. The ALJ did make a finding that the opinion of the reviewing state agency physician was well-supported by the evidence of record (Tr. 226), but he did not explain why that was so, which is of concern because Dr. Mosier's opinion was the only treating physician opinion in the record. Nor did the ALJ analyze either opinion in accordance with the controlling authorities. *See, e. g., Hamlin v. Barnhart,* 365 F.3d 1208, 1215 (10th Cir. 2004) ("An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional

. . . An ALJ must also consider a series of specific factors in determining what weight to give any medical opinion."), *citing Goatcher v. United States Department of Health & Human Services,* 52 F.3d 288, 290 (10th Cir. 1995).

Because the ALJ failed to explain how the claimant's severe impairment of the hands at step two became so insignificant as to require no limitations in his RFC at step four, the Commissioner's decision must be reversed and the case remanded to the ALJ for further analysis. If such analysis results in any adjustment to the claimant's RFC, the ALJ should then re-determine what work, if any, the claimant could perform and ultimately whether he is disabled.

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The undersigned Magistrate Judge thus RECOMMENDS that the Court reverse the decision of the Commissioner and remand the case for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 6th day of March, 2015.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**